IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY BROADDUS | ) |
| | ) |
| v. | ) NO. 3:08-0805 |
| | ) JUDGE CAMPBELL |
| RIVERGATE ACQUISITIONS, INC. | ) |
| d/b/a PLANET KIA | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings (Docket No. 9). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

Plaintiff Broaddus is a former employee of Defendant Rivergate Acquisitions, Inc. d/b/a Planet Kia. Plaintiff filed this action against Defendant for employment discrimination and retaliation arising from his former employment and alleged constructive discharge. Complaint, Docket No. 1.

Defendant has moved to compel arbitration of this dispute in accordance with a document entitled "Comprehensive Agreement Employment At-Will and Arbitration." That document, between Plaintiff Broaddus and a Company called "Greenway," provides, in pertinent part:

> I also acknowledge that the Company utilizes a system of alternative dispute resolution that involves binding arbitration to resolve all disputes that may arise out of the employment context. Because of the mutual benefits . . . both the Company and I agree that any claim, dispute and/or controversy (including, but not limited to, any claims of discrimination and harassment . . .) that either I or the Company (or its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans) may have against the other which would otherwise require or allow resort to any court or other governmental dispute resolution forum arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company, whether based on tort, contract, statutory or equitable law, or

> otherwise . . . shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act . . ..

Docket No. 10-1.

Greenway is the parent corporation and 75% owner of Defendant Rivergate Acquisitions, Inc. d/b/a Planet Kia. Docket No. 10-4, ¶ 4. Greenway oversees Planet Kia's human resources department. *Id*., ¶ 6. Planet Kia uses Greenway's hiring forms and the Greenway Employee Handbook. *Id*. Greenway reviews all Planet Kia employment applications, conducts all background checks on Planet Kia applicants, and administers all Planet Kia benefits plans. *Id*., ¶¶ 7-8.

## DISCUSSION

The Federal Arbitration Act provides that one who is aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition the U.S. District Court for an order directing that such arbitration proceed. 9 U.S.C. § 4. There is a strong presumption in favor of arbitration, and any doubts regarding arbitrability must be resolved in favor of arbitration. *Sanders v. BFS Retail and Commercial Operations, LLC*, 2008 WL 3914470 at * 1 (M.D. Tenn. Aug. 20, 2008); *Burden v. Check Into Cash of Kentucky, LLC*, 267 F.3d 483, 488 (6th Cir. 2001).

Upon a motion to compel arbitration, the Court must determine whether the parties have agreed to arbitrate the dispute at issue. *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). If the existence of a valid and applicable arbitration agreement is not in issue, the Court must compel arbitration of the matter. *Id*. If either the validity or applicability of the agreement is in issue, the Court must proceed directly to determination of that issue. *Id*.; *Cottrell v. Club Demonstration Services*, 2007 WL 2413070 at * 1 (E.D. Mich. Aug. 2, 2007). To show that either of these factors is at issue, the nonmovant must show that there is a genuine issue of material

2

fact as to the validity or applicability of the agreement to arbitrate, which is the same standard used for summary judgment. *Id.*; *Great Earth*, 288 F.3d at 889.

Plaintiff argues three reasons why the alleged arbitration agreement does not apply in this case. His first and second arguments — that Defendant is not a party to the agreement and, therefore, has no standing to attempt to enforce it, and that he did not agree to arbitrate claims against Defendant — can be addressed together.

Non-signatories to an arbitration agreement may be bound by it. *Sanders*, 2008 WL 3914470 at * 2 (citing *Javitch v. First Union Securities, Inc.*, 315 F.3d 619, 629 (6th Cir. 2003)). Non-signatories to an arbitration agreement may be bound by or enforce an arbitration agreement executed by other parties under theories arising out of common law principles of contract and agency law. *Collie v. Wehr Dissolution Corp.*, 345 F.Supp. 2d 555, 561 (M.D. N.C. 2004); *see also Arnold v. Arnold Corp. - Printed Communications for Business,* 920 F.2d 1269, 1281 (6th Cir. 1990) (if a party can avoid the practical consequences of an agreement to arbitrate by naming nonsignatory parties as defendants in his complaint, the effect of the rule requiring arbitration would, in effect, be nullified) and *In re Prudential Ins. Co. of America Sales Practice Litigation*, 133 F.3d 225, 229 (3d Cir. 1998).

The agreement at issue in this case is between Plaintiff and a company called "Greenway." The agreement states that it applies to Greenway and "its owners, directors, officers, managers, employees, agents, and parties affiliated with its employee benefit and health plans." As stated above and unrebutted by Plaintiff, Greenway is the parent corporation and 75% owner of Defendant Rivergate Acquisitions, Inc. d/b/a Planet Kia; oversees Planet Kia's human resources department; provides Planet Kia's hiring forms and employee handbook; and reviews all Planet Kia employment

3

applications, conducts all background checks on Planet Kia applicants, and administers all Planet Kia benefits plans.

Based upon these unrebutted facts, the Court finds that there is no genuine issue of material fact to dispute that "Company" as defined in the agreement at issue includes Rivergate Acquisitions, Inc. d/b/a Planet Kia. Defendant's status as an agent of Greenway enables it to use the agreement to compel arbitration. Defendant is bound by, and entitled to enforce, the arbitration agreement. In addition, Plaintiff, by agreeing to arbitrate with the "Company," agreed to arbitrate with its agent and subsidiary corporation, Rivergate Acquisitions, Inc. d/b/a Planet Kia, which was Plaintiff's employer.

Plaintiff also argues that Defendant has waived any right to arbitration through its prior conduct. A party may waive any of its contractual rights, including the right to arbitration. *Systran Financial Servs. Corp. v. Giant Cement Holding, Inc.*, 252 F.Supp.2d 500, 506 (N.D. Ohio 2003). An agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon. *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 573 (6th Cir. 2003). Because of the strong presumption in favor or arbitration, waiver of the right to arbitration is not to be lightly inferred. *Id*. The party opposing arbitration on the basis of waiver bears a "heavy burden." *Systran*, 252 F.Supp.2d at 508.

A litigant may waive its right to invoke the Federal Arbitration Act by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay. *Patten Grading & Paving, Inc. v. Skanska USA Building, Inc.*, 380 F.3d 200, 204 (4th Cir. 2004). The general rule is that the right to arbitrate is waived when the party actively

4

participates in litigation or acts inconsistently with its rights to proceed with arbitration. *Systran*, 252 F.Supp.2d at 506.

Among the factors examined by the courts in determining whether there has been a waiver of the right to arbitrate are: (1) whether the party's actions are inconsistent with the right to arbitrate; (2) the degree of pretrial litigation; (3) the length of delay in invoking an arbitration right and seeking a stay; (4) the proximity to the trial date; (5) whether a defendant seeking arbitration filed a counterclaim without asking for a stay; and (5) the resulting prejudice to the opposing party. *Southern Systems, Inc. v. Torrid Oven Ltd.*, 105 F.Supp.2d 848, 854 (W.D. Tenn. 2000).

This case was filed on August 22, 2008, less than two months ago. There has been no initial case management conference and no discovery. No trial date has yet been set. Defendant's first and only responsive pleading is the pending Motion to Compel Arbitration (Docket No. 9).

In *Systran*, the court found that the defendant did not waive its right to arbitrate, even though the defendant waited ten months to move to compel arbitration and filed an answer, cross-claim and motion to dismiss. *Systran*, 252 F.Supp.2d at 508. In *Systran*, as in this case, there had been no discovery and the litigation had not been extensive.

In *Patten Grading*, the court found no waiver, despite a delay of eight months between the filing of the complaint and the motion to compel arbitration; despite the defendant's filing of an answer, engaging in discovery and responding to three pretrial motions; despite the defendant's waiting until three months before the trial to file its motion to compel; and despite the defendant's participation in pretrial court-ordered mediation. *Patten Grading*, 380 F.3d at 206-208. Defendant's participation in the litigation is far less active in this case.

5

Finally, in *Southern Systems*, the court found a waiver where the defendant had filed both an answer and a counterclaim without invoking the arbitration clause, had engaged in extensive pretrial discovery and delayed invoking the arbitration clause for eighteen months, had actively pursued a motion to dismiss or change of venue, and had raised the arbitration issue only two months before trial. *Southern Systems*, 105 F.Supp.2d at 854. Defendant's participation in this litigation is far less than the defendant's activity in *Southern Systems*.

Weighing the factors cited above, the Court finds that Defendant did not waive its right to insist on arbitration. There has been almost no activity thus far in this litigation. The length of delay is minimal. In addition, Plaintiff's claims of delay prior to the litigation do not create genuine issues of material fact as to waiver, and Plaintiff has failed to carry his burden of showing actual prejudice.

## CONCLUSION

For all the above reasons, Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings (Docket No. 9) is GRANTED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE