IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JERRY BROADDUS                    )
                                  )
v.                                ) NO. 3:08-0805
                                  ) JUDGE CAMPBELL
RIVERGATE ACQUISITIONS, INC.      )
d/b/a PLANET KIA                  )

## MEMORANDUM

Pending before the Court is Plaintiff's Motion to Vacate Arbitration Award (Docket No. 21). For the reasons stated herein, Plaintiff's Motion is DENIED, and the award of the Arbitrator in this case is affirmed.

## FACTS

Plaintiff brought this action for employment discrimination in violation of Title VII, the Tennessee Human Rights Act, the Tennessee Public Protections Act and Tennessee common law. Plaintiff alleges that he was constructively discharged from his employment with Defendant, in retaliation for his complaints of alleged harassment. The Court granted Defendant's Motion to Compel Arbitration and Stay Judicial Proceedings on October 1, 2008. Docket No. 16.

The parties proceeded to arbitration before Arbitrator Lew Conner, and Defendant filed a Motion for Summary Judgment therein. On September 15, 2009, the Arbitrator granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's claims. Docket No. 21-1. Plaintiff has now moved to vacate that award. Docket No. 21.

## ARBITRATOR'S AWARD

The Arbitrator found that Plaintiff, in January of 2008, reported allegations of harassment against another employee of Defendant and, at Plaintiff's request, was allowed to remain away from his place of employment while Defendant conducted an investigation into the allegations. Docket

No. 21-1, pp. 5 and 7.  The Arbitrator found that Plaintiff retained his position, pay and company vehicle during this time and was told to fully cooperate with the investigation.  *Id.*, pp. 5-6.  The Arbitrator further found that Plaintiff began to cooperate, but then refused further cooperation in the investigation.  *Id.*, p. 6.

The Arbitrator found that, some two weeks after the investigation had begun, but before it was concluded, Plaintiff obtained employment elsewhere and quit his job with Defendant.  *Id.*  The Arbitrator found that Plaintiff had never been demoted or otherwise materially adversely affected with regard to his employment prior to his resignation.  *Id.*  In addition, the Arbitrator found that Plaintiff never told Defendant that he thought he was being retaliated against or that things were too intolerable.  *Id.*, p. 16.  Indeed, the Arbitrator found that Plaintiff admitted that his boss told him there would be no retaliation or discrimination against him in any way as a result of his participation in the investigation.  *Id.*, p. 17.

The Arbitrator found that Plaintiff failed to provide specific examples of unlawful conduct, rather than mere labels and conclusions, to support his claims.  *Id.*, p. 18.  Further, the Arbitrator found that, even if Plaintiff had supported a claim of unlawful conduct, he suffered no adverse employment action necessary to sustain his claim of retaliation.  *Id.*, p. 21.  Moreover, the Arbitrator found that Plaintiff failed to carry his burden of establishing the requirements of constructive discharge - - - that Defendant deliberately created intolerable working conditions, as perceived by a reasonable person, with the intention of forcing the employee to quit.  *Id.*, p. 24.[1]

---

[1]     In other words, the Arbitrator found: "Neither the facts nor the law support his claim that he was subjected to intolerable working conditions requiring him to resign."  Docket No. 21-1, p. 25.

2

For all these reasons, the Arbitrator granted Defendant's Motion for Summary Judgment and dismissed Plaintiff's claims in their entirety. Docket No. 21-1, p. 31.

## JUDICIAL REVIEW OF ARBITRATION AWARD

The Federal Arbitration Act ("FAA") provides that a court must confirm an arbitration award unless it is vacated, modified or corrected as prescribed in Sections 10 and 11 of that Act. 9 U.S.C. § 9. Pursuant to the Act, a court may vacate the award if (1) it was procured by corruption, fraud or undue means; (2) there is evident partiality or corruption of the arbitrator; (3) the arbitrator prejudiced a party's rights by refusing to postpone a hearing or hear evidence or engaged in other misbehavior by which the rights of a party were prejudiced; or (4) the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10.[2]

The FAA expresses a presumption that arbitration awards will be confirmed. 9 U.S.C. § 9; *Nationwide Mutual Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005). When courts are called on to review an arbitrator's decision, the review is one of the narrowest standards of judicial review in all of American jurisprudence. *Id.*

The U.S. Supreme Court has held that Section 10 provides the FAA's exclusive grounds for expedited vacatur of an arbitration award. *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 128 S.Ct. 1396, 1403 (2008).[3] The statute itself states that the court must confirm the award unless the award is vacated, modified or corrected as prescribed in sections 10 and 11. 9 U.S.C. § 9.

---

[2]  A court may also modify or correct an arbitration award for specified reasons. 9 U.S.C. § 11.

[3]  In addition, the *Hall Street* Court rejected any general review for an arbitrator's legal errors. *Hall Street* at 1404.

3

Although some courts have held that the Court may also vacate an arbitrator's decision for "manifest disregard of the law," *see Coffee Beanery, Ltd. v. WW, L.L.C.*, 2008 WL 4899478 at ** 4 (6th Cir. Nov. 14, 2008), *Hall Street* found that the exclusive grounds for vacating an arbitration award are in the statute. *See also Grain v. Trinity Health, Mercy Health Services, Inc.*, 551 F.3d 374 (6th Cir. 2008) (In attempting to vacate or modify an arbitration award governed by the FAA, a disappointed party must look to sections 10 and 11 of Title 9, which provide the exclusive regime for the review provided by the FAA. Because Plaintiff has failed to argue that any such statutory ground exists in this case, his Motion to Vacate should be denied.

Even assuming for purposes of argument, however, that the "manifest disregard of the law" basis is still viable, for the reasons set forth below, Plaintiff has not shown a manifest disregard of the law in this case. An arbitrator acts with manifest disregard for the law if (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator refused to heed that legal principle. *Coffee Beanery* at * * 3. A mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent. *Id.* (citing *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d. 418, 421 (6th Cir. 1995)).

PLAINTIFF'S MOTION

Plaintiff contends that the arbitration award in this case is in manifest disregard of the controlling law set forth in *Burlington Northern & Santa Fe Railway Co. v. White*, 126 S.Ct. 2405 (2006), wherein the Supreme Court redefined and expanded the term "adverse employment action" in Title VII retaliation cases. In *Burlington*, the Court held that the definition of "adverse employment action" was broader in a retaliation case than in a discrimination case.

4

Plaintiff argues that the Arbitrator incorrectly defined an "adverse employment action" as a materially adverse change in the terms of conditions of employment, instead of the more expansive definition found in *Burlington*.

The *Burlington* Court held that the anti-retaliation provision of Title VII covers those (and only those) employer actions that would have been materially adverse to a reasonable employee. *Burlington*, 126 S.Ct. at 2409. The employer's actions must be harmful to the point that they could well dissuade a reasonable worker from protected conduct. *Id.*

Plaintiff is correct that the Arbitrator in this case did not specifically apply the *Burlington* standard in finding that Plaintiff suffered no adverse employment action. The Arbitrator relied upon cases that pre-date *Burlington* and did not mention *Burlington's* more expansive view of the "adverse employment action."

A finding of retaliation requires more than an adverse employment action, however. To establish a case for retaliation, Plaintiff must show that (1) he engaged in protected activity, (2) Defendant had knowledge of that protected activity, (3) Defendant thereafter took an adverse employment action against him, and (4) a causal connection existed between the protected activity and the adverse employment action. *Reed v. Cracker Barrel Old Country Store, Inc.*, 133 F.Supp.2d 1055, 1075 (M.D. Tenn. 2000).

The Arbitrator found that Plaintiff was allowed to remain away from work at his own request. He was fully paid during this absence, kept his position as a manager, and retained his company vehicle. Thereafter, Plaintiff voluntarily resigned his position with Defendant because he had obtained other employment. The Arbitrator also found that Plaintiff did not articulate any sustainable claim of unlawful conduct by Defendant. Thus, even if there had been an adverse

5

employment action under the more expansive definition, which the Court does not find, the Arbitrator reasonably found no causal connection between any action taken against Plaintiff and unlawful conduct by Defendant, because he found no unlawful conduct.

In addition, even if the Arbitrator had found an adverse employment action under the more expansive standard, which he did not, he also found that Plaintiff failed to carry his burden of establishing the essential element of constructive discharge - - - that Defendant deliberately created intolerable working conditions, as perceived by a reasonable person, with the intention of forcing the employee to quit.[4]  The Arbitrator found that Plaintiff failed to provide specific examples of unlawful conduct, rather than mere labels and conclusions, to support his claims.

For these reasons, particularly under the narrow standard of review applicable herein,[5] the Court finds that, even if the Arbitrator took a less expansive view of "adverse employment action" than required under the law, such error was harmless.  Even if the "manifest disregard of the law" standard were still employed, any error in this case does not constitute a manifest disregard of the law justifying vacatur of the arbitration award.[6]

---

[4]     To establish a claim for constructive discharge, Plaintiff must demonstrate that Defendant deliberately created intolerable working conditions, as perceived by a reasonable person, and Defendant did so with the intention of forcing Plaintiff to quit.  *Logan's v. Denny's, Inc.*, 259 F.3d 558, 568-69 (6th Cir. 2001).

[5]     As noted above, a mere error in interpretation or application of the law is insufficient.

[6]     Plaintiff also argues that Defendant has never stated any legitimate, nondiscriminatory reason for its actions.  The Arbitrator found, however, that Plaintiff failed to establish essential elements of his retaliation and constructive discharge claims.  There was no burden upon Defendant to articulate a legitimate, nondiscriminatory reason for any actions.

6

Having found no reason to vacate the arbitration award, the Court need not address Defendant's contested assertion that Plaintiff failed to timely request review by a second arbitrator as provided in the arbitration agreement.

## CONCLUSION

For all these reasons, Plaintiff's Motion to Vacate Arbitration Award (Docket No. 21) is DENIED, and the award of the Arbitrator is affirmed.

IT IS SO ORDERED.


TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE